## JAMES PATTERSON *v.* GEORGE W. BURNHAM AND ANOTHER.

### [ IN CHANCERY. ]

#### *Estoppel.*

G. procured a mortgage to be drawn as if it were to be signed by himself and his wife, and, after signing it, delivered it to O., the mortgagee, with what purported to be, but in fact was a forgery of, a signature of the wife thereon, and with a certificate of acknowledgment by both G. and wife and of record thereof, which the clerk who made the draft and the record had accidentally thereto appended. G. and wife then executed a mortgage of the same property to P., who ascertained by examination of the records that the wife did not sign. O., supposing his mortgage to have been signed by the wife, brought a petition to foreclose, making P. and G. and wife parties defendant. Service was properly made on P. and G., but no service was made on the wife, except by leaving a proper copy of the petition for her with G., at her then last usual place of abode. While the petition was pending, O. represented to P. that if he were to obtain the mortgaged property, he would pay P., and P., relying on that representation, neglected to appear, and, G. and wife not appearing, O. obtained a decree which became absolute. Not till then did the wife know that the mortgage to O. bore what purported to be her signature, or that proceedings to foreclose had been instituted, and it did not appear that O sooner knew that the wife's signature was a forgery. On petition by P. against G and O. to foreclose his mortgage, O. insisted that his decree was a bar, but it was *held,* that as P. had a full defence to O's petition, and as O. was claiming the benefit of his decree thereon, O. was estopped from denying the liability to P. by the assumption of which that decree was obtained.

PETITION FOR FORECLOSURE, alleging a mortgage executed on November 19, 1869, by the petitionee George to John McLean, to secure payment of certain promissory notes given for the purchase money of a farm ; assignment thereof in due form to the petitioner ; and a mortgage on the same property, for $300, executed on February 11, 1874, by said George and Mary J., his wife, to the petitioner, to secure payment of unpaid interest on

the notes described in the former mortgage, of a balance due on account, and of money then advanced to said George. It was conceded that the notes described in the first mortgage were due and unpaid, and as to that mortgage no defence was made. A master was appointed, whose report, so far as material, was in substance as follows :

On December 11, 1872, said George procured the town clerk to draw a mortgage of the premises described in the first mortgage, subject to that mortgage, to secure the payment of $700 to the petitionee, Oscar E. Burnham, and to be signed by both himself and his wife. He then signed it and went away, saying that he would bring his wife to sign it. The clerk thereupon certified to an acknowledgment thereof by both grantors, recorded the mortgage and the appended certificate, and indorsed a certificate of record upon the mortgage. The wife did not appear, to execute the mortgage, and in a day or two thereafter the clerk went with it to said George's, to procure her to do so. Said George then said that his wife's signature was not needed, whereupon the clerk delivered the mortgage to him, without change, and without making any change in the record thereof. The wife never signed, nor authorized any one to sign, the mortgage ; but, when said George delivered it to said Oscar, it bore what purported to be her signature. When the petitioner was about to take the second mortgage alleged in the petition, he was informed by said George of the mortgage to said Oscar, but was not told that it was signed or purported to be signed by the wife. He then made examination of the town records, and was informed by the clerk that the wife did not sign. He thereupon took the mortgage alleged, and indorsed payment of interest on the notes secured by the first mortgage, to November 19, 1873. In the fall of 1875, said Oscar brought a petition to foreclose, to which said George and his wife and the petitioner were made defendants. Service thereof was made on said George and the petitioner, by personal delivery of proper copies, and on the wife by leaving a copy for her with said George at her then last and usual place of abode. While the petition was pending, and at the term at which it was entered, at which the petitioner was in attendance on court as a juror, the

petitioner had a conversation with said Oscar wherein said Oscar represented to him that if he should get the mortgaged property, he would pay the petitioner's claim. The petitioner, relying on that representation, employed no counsel and made no appearance ; and, as neither of the other defendants appeared, said Oscar obtained a decree whereby the said George and his wife were given a year, and the petitioner was given a year and fifteen days, to redeem. The decree became absolute and was duly recorded in the town clerk's office. Not till the decree became absolute did the wife know that the mortgage on which it was rendered bore what purported to be her signature, or that a petition to foreclose had been brought; and it did not appear that said Oscar knew that she did not sign the mortgage, until about the time the decree was filed for record. After learning that the wife did not sign, said Oscar, to procure payment of his and the antecedent mortgages in their order, but not intending to abandon his decree or any legal right thereunder, took of said George and his wife a deed of the mortgaged premises, conditioned for the payment by said George of $10 per month. After a time said George made default in the monthly payments, but not until said Oscar had paid the petitioner the sum due on one of the notes secured by his second mortgage. The foregoing facts, except such as would appear from the several mortgages and the record of said suit, were found mainly from evidence that was admitted subject to objection. Said Oscar claimed that his decree was a bar to recovery by the petitioner on his second mortgage.

The cause was heard at the March Term, 1879, when the court, REDFIELD, Chancellor, rendered a decree, *pro forma*, for the petitioner for the sum due under both of his mortgages.

Appeal by the petitionee Oscar.

*J. P. Lamson*, for the petitioner.

The wife, never having signed the mortgage to Oscar, might make a good mortgage of her homestead to the petitioner. A valid decree could not be procured on a mortgage that was forged. Oscar cannot now take advantage of those acts by which no notice was given to the wife and by which the petitioner was led not to appear.

*C. H. Pitkin*, for the petitionee.

The decree, while it remains in force, is conclusive as to all matters involved ; and it cannot be impeached collaterally. If it was rendered without notice to Mary, it is not, as against her, a nullity. *Lapham* v. *Briggs*, 27 Vt. 26. If she could object to it for want of notice, the objection is personal.

The petitionee is not estopped by reason of what he told the petitioner. He then supposed his mortgage was what it appeared to be. It does not appear that the representation was made in bad faith. Moreover, the representation related only to intended future action. Bigelow Estop. 481–483 ; *Langdon* v. *Doud*, 10 Allen, 433 ; *Jorden* v. *Money*, 5 H. L. Cas. 185 ; *Keating* v. *Orne*, 77 Pa. St. 89.

The opinion of the court was delivered by

ROYCE, J. The report finds that the mortgage which the defendant Oscar E. Burnham claims should have precedence to the second mortgage described in the petition, was never executed by Mary J. Burnham ; that the petition brought by Oscar E. Burnham to foreclose that mortgage was never in fact served on Mary J. Burnham ; and that she did not know that any such proceeding had been instituted, until the equity of redemption upon the decree that Oscar E. had obtained had expired. The mortgage executed by George W. and Mary J. Burnham to the petitioner, and which is now sought to be foreclosed, conveyed to the petitioner all the interest that Mary J. had in the premises described. Oscar E. Burnham was not entitled to a decree against Mary J., on the mortgage he was seeking to foreclose, for the reason that she never executed it. The petitioner knew at the time he took the mortgage from George W. and Mary J. Burnham, that Mary J. did not execute the mortgage which Oscar E. subsequently foreclosed. The petitioner was made a defendant to the petition brought by Oscar E., in which he obtained his decree, and did not appear and defend the same, because he relied upon representations made to him by the said Oscar E. at the term of court when such defence might have been made, that, if he should get the property, he would pay the petitioner his claim. Oscar E. now

claims that the decree thus obtained by him is in equity a bar to the enforcement of the petitioner's claim secured by his mortgage. The petitioner, as we have seen, was induced to abstain from availing himself of what, upon the facts found by the referee, would have been a full defence, by the representations made to him by Oscar E., and he now insists that the decree is a technical bar to the right of the petitioner to have the representations thus made, kept and performed. While claiming the benefit of the decree, he is estopped from denying his liability to fulfill the obligation that he assumed as a condition to obtaining it.

*Decree affirmed, and cause remanded.*